UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
U.S. COURTHOUSE
402 E. STATE STREET
TRENTON, NEW JERSEY 08608

Hon. Michael B. Kaplan                                    609-989-0478
United States Bankruptcy Judge                            609-989-2259 Fax

August 9, 2013

Robert M. Hirsh, Esq.
Arent Fox LLP
1675 Broadway
New York, NY 10019
Attorney for Debtor, Morgan Industries Corporation

Michael Kahme, Esq.
Hill Wallack, LLP
202 Carnegie Center
Princeton, NJ 08543
Attorney for Marlow Acquisitions, LLC

Joel L. Tabas, Esq.
Tabas, Freedman, Soloff, Brown & Rigali, P.A.
One Flagler Building
14 Northeast First Ave., Penthouse
Miami, FL 33132
Attorney for Marlow Acquisitions, LLC

            Re:    In re: Morgan Industries Corporation, et al
                   Case No. 12-21156 (MBK)

Counselors:

        This matter is before the Court upon the summary judgment motion ("Motion") of Marlow

Acquisitions, LLC ("Marlow").    Marlow seeks a determination that Marlow raised a valid

objection to title and permissibly terminated a sale of property contract between the parties.    The

parties fully briefed the issue and oral argument was held on June 20, 2013.    The Court reserved

judgment and requested additional submissions from the parties regarding the issue of contract

formation. The Court has fully reviewed and considered the submissions of the parties. For the reasons that follow, Marlow's Motion for Summary Judgment is DENIED and this matter will proceed to trial.

## I.      Jurisdiction

The Court has jurisdiction over this contested matter under 28 U.S.C. §§ 1334(a) and 157(a) and the Standing Order of the United States District Court dated July 10, 1984, as amended September 18, 2012, referring all bankruptcy cases to the bankruptcy court. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(O). Venue is proper in this Court pursuant to 28 U.S.C. § 1408.

## II.     Background

Debtor in Possession, Morgan Industries Corporation ("Sellers"), filed for bankruptcy under Chapter 11 of the Bankruptcy Code. Sellers sought to liquidate certain assets and, after lengthy negotiations, entered into a purchase and sale agreement ("Sale Agreement") with Marlow for the sale of one of its manufacturing facilities ("Property") on December 14, 2012. The Court entered an Order approving the sale on January 11, 2013 and Marlow delivered a required deposit into escrow. The Property being sold was defined by a legal description that was attached to the Sale Agreement and marked "Subject to Buyer Verification".

Shortly thereafter, Marlow conducted a title search relative to the legal description of the Property. Upon review, Marlow discovered that a certain piece of property ("Parcel 2") was not included in the Property defined by the legal description and being sold in the Sale Agreement. Marlow then raised a title objection. Sellers responded with a non-cure notice, indicating that they

could not resolve the title objection because they did not own Parcel 2. In response to that non-cure notice, Marlow terminated the contract and demanded return of the deposit.

On March 7, 2013, Sellers filed a Motion to Compel [Docket Entry No. 603], seeking to compel Marlow to close on the contract and/or forfeit the deposit. The Court issued an Order dated May 6, 2013 directing the escrow agent to return the deposit to Marlow. Marlow then filed this Motion for Summary Judgment alleging that are no genuine disputes as to any material facts applicable to the relevant issue; namely, whether Marlow had a right to object to the legal description after discovering that Parcel 2 was not included in the Property being sold under the Sale Agreement. Sellers oppose Marlow's Motion for Summary Judgment and allege that Marlow is in breach of contract because Parcel 2 was never contemplated in the Sale Agreement. Oral argument on this matter was held on June 20, 2013.

At the hearing on this matter, the Court raised the issue of contract formation. Specifically, the Court questioned whether the parties, in fact, had the requisite "meeting of the minds" necessary to form a valid contract. The parties were permitted to brief the issue and their submissions have been considered by the Court.

III.    **Positions of the Parties**

Before addressing the merits of Marlow's Summary Judgment Motion, the Court believes it will be helpful for the record to summarize the parties' submissions and respective positions in this matter:

A. **Marlow's Positions**

1. **Both parties knew there was uncertainty as to what was being sold and both parties knew that if what was being sold did not include Parcel 2, Marlow would not proceed with the sale.**

3

Marlow first argues that there was, in fact, a contract between the parties. Marlow admits that there was some uncertainty as to exactly what property the Sellers owned and were in a position to sell. However, Marlow contends that this uncertainty was recognized and understood by both parties and that it was equally understood by both parties that, if Parcel 2 was not included in the Legal Description of the property, Marlow would not proceed with the purchase transaction. Marlow asserts that this uncertainty and mutual understanding that Marlow would not proceed without Parcel 2 is reflected in the inclusion of the Buyer Verification Clause, which Marlow understood as a clause that afforded Marlow the opportunity to verify that Parcel 2 was, in fact, included in the property being sold. Marlow also relies on Mr. Peterson's deposition as further evidence of this understanding.  Marlow has emphasized, both through its counsel's representations on the record and in multiple submissions to the Court, that it would not have proceeded with the Sale Agreement without the expectation that it was going to obtain Parcel 2 as part of the acquisition. Marlow maintains that Sellers knew of Marlow's expectation and that Sellers understood and agreed to this by including the Buyer Verification Clause in the Sale Agreement.

### 2.  Alternatively, Marlow contends there was no meeting of the minds.

Alternatively, Marlow argues that there was no meeting of the minds and, therefore, no contract between the parties, because the parties had very different understandings as to what Marlow was entitled to verify under the Buyer Verification Clause. "Marlow contends that in entering into the Sale Agreement, Marlow was assenting to an understanding that Marlow was entitled to verify that the Legal Description included Parcel 2[.]" *Marlow's Brief*, Docket Entry No. 731 at *10. Further, Marlow states that the Sellers have construed Marlow's verification right

as being much more limited in scope. Thus, Marlow concludes that "an important aspect of the parties' agreement – what Marlow was entitled to verify – is not included in the written Sale Agreement." *Id.* Marlow asserts that this disconnect in the parties' understandings and the absence of an essential element in the Sale Agreement casts doubt, confusion and uncertainty over the agreement and indicates that there was not a meeting of the minds concerning what property was to be included in the purchase and sale transaction.

### B. Sellers' Position: There was an agreement and it never included Parcel 2.

Sellers contend that the parties had a definite and distinct understanding and that they manifested their agreement through the execution of a written contract: the Sale Agreement. Sellers further posit that this agreement never included Parcel 2. Sellers assert that several items of admissible evidence prove that the parties "manifested a common understanding, mutual assent, meeting of the minds and agreement as to the Property, which did not include Parcel 2." *Sellers' Supplemental Brief on the Issue of Contract Formation*, Docket Entry No. 717 at *11. Sellers introduce seven items of evidence in support of this contention; including the Property Information Package, a Flyer, and several Certifications attesting to the substance of the negotiations between the parties. The Sellers suggest that Marlow regrets entering into the Agreement and now seeks an escape hatch.

### IV.    Standard for Summary Judgment

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R.

Civ. P. 56(a).[1] As the Supreme Court has indicated, "[s]ummary judgment procedure is properly

regarded not as a disfavored procedural shortcut, but rather an integral part of the Federal Rules as

a whole, which are designed 'to secure the just, speedy, and inexpensive determination of every

action.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986) (citing Fed. R. Civ. P. 1). In deciding

a motion for summary judgment, the judge's function is to determine if there is a genuine issue for

trial." *Josey v. John R. Hollingsworth Corp.*, 996 F.2d 632, 637 (3d Cir.1993).

The moving party bears the initial burden of demonstrating the absence of a genuine

dispute of material fact. *Huang v. BP Amoco Corp.*, 271 F.3d 560, 564 (3d Cir. 2001) (*citing

Celotex Corp.*, 477 U.S. at 323). In determining whether a factual dispute warranting trial exists,

the court must view the record evidence and the summary judgment submissions in the light most

favorable to the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

Disputed material facts are those "that might affect the outcome of the suit under the governing

law." *Id.* at 248. A dispute is genuine when it is "triable," that is, when reasonable minds could

disagree on the result. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587

(1986) (citations omitted).

Once the moving party establishes the absence of a genuine dispute of material fact,

however, the burden shifts to the non-moving party to "do more than simply show that there is

some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586. A party may not

defeat a motion for summary judgment unless it sets forth specific facts, in a form that "would be

---

[1] Federal Rule of Civil Procedure 56 was amended as of December 1, 2010. As noted by the court in *Guiliano v. Coy
(In re Coy)*:

> Subdivision (a) now contains the summary judgment standard previously stated in
> subdivision (c). Fed. R. Civ. P. 56 Advisory Committee's Note to 2010 Amendments
> ("Subdivision (a) carries forward the summary-judgment standard expressed in former
> subdivision (c), changing only one word—genuine 'issue' becomes genuine 'dispute.'
> 'Dispute' better reflects the focus of a summary-judgment determination.").

2011 WL 3667607, *6-7 (Bankr. D. Del. Aug. 22, 2011).

admissible in evidence," establishing the existence of a genuine dispute of material fact for trial. Fed. R. Civ. P. 56(e) (providing that in response to a summary judgment motion the "adverse party may not rest upon the mere allegations or denials of [its] pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine [dispute] for trial"). *See also Fireman's Ins. Co. of Newark, N.J. v. DuFresne*, 676 F.2d 965, 969 (3d Cir. 1982); *Olympic Junior, Inc. v. David Crystal, Inc.*, 463 F.2d 1141, 1146 (3d Cir. 1972). If the nonmoving party's evidence is a mere scintilla or is not "significantly probative," the court may grant summary judgment. *Liberty Lobby, Inc., supra*, 477 U.S. at 249-250. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita*, 475 U.S. at 587, 106 S.Ct. 1348.

## V.    Discussion

### A. Contract Formation Issue

The Court, *sua sponte*, raised the issue of contract formation. Based on the parties' previous submissions, in which they briefed Marlow's Summary Judgment Motion, and given the argument and admissions of counsel during the hearing on the Motion, it appears to the Court that there may not have been a meeting of the minds with respect to the essential terms of the Sales Agreement and, thus, no contract and nothing to enforce by way of motion practice. If this were the case, the inquiry would end there and all pending motions, and indeed the entire litigation, would be rendered moot. However, both parties maintain that there was, in fact, a meeting of the minds and that they had a mutual understanding of their agreement. Yet, the parties differ as to the substance of the agreement. Given that there is a contested factual dispute regarding the

understanding of material terms, the issue of contract formation is not one that can be decided by the Court at this stage in the proceedings. More information is necessary. The Court notes that in both its original Motion for Summary Judgment and in its supplemental certification to the Court regarding the issue of contract formation, Marlow set forth an alternative argument that there was no meeting of the minds with respect to what Marlow was permitted to verify through the Buyer Verification Clause. The Court finds that Marlow has failed to demonstrate that there is no dispute with respect to this issue and the Court will address that issue in further detail when discussing the merits of Marlow's Summary Judgment Motion.

### B. Marlow's Motion for Summary Judgment

This is Marlow's Motion for Summary Judgment. Therefore, Marlow bears the burden of demonstrating the absence of a genuine dispute of material fact. *Huang v. BP Amoco Corp.,* 271 F.3d 560, 564 (3d Cir.2001) (*citing Celotex Corp., supra*, 477 U.S. at 323). Marlow has argued that it reasonably believed that Parcel 2 was included in the Property and that when it discovered that Parcel 2 wasn't included, that Marlow properly raised an objection and reasonably decided to terminate the Sale Agreement. Marlow's entire Summary Judgment Motion, therefore, hinges on whether or not Marlow had the right to object to the sale when it discovered that Parcel 2 was not included. However, as discussed above, the parties disagree as to whether or not Marlow possessed that right. Even more broadly, the parties disagree as to whether Parcel 2 was ever included in the Sale Agreement.

In large part, Marlow relies on the deposition testimony of Mr. Peterson in support of its contention that Parcel 2 was expected to be part of the sale and that the parties were in agreement that if Parcel 2 was found to not be included upon verification, then Marlow would not move

forward with the sale.   Marlow has also cited "misleading surveys included in marketing materials" and the "routine and ordinary use of Parcel 2 as an integral part of the" Property.   The Court notes that the deposition testimony of Mr. Peterson supports Marlow's position and that Sellers have acknowledged the existence of misleading or confusing information included in marketing materials.   However, the Court does not find that Marlow has satisfied its burden of demonstrating the absence of a genuine dispute of material fact.

When assessing a motion for summary judgment, the Court must view the record evidence and the summary judgment submissions in the light most favorable to the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).   In viewing the evidence and submissions in a light most favorable to Sellers, it is clear that, in this case, reasonable minds could disagree as to the result. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

In a contract interpretation action, summary judgment is appropriate only where the contractual language is unambiguous— *i.e.,* "subject to only one reasonable interpretation." *See Arnold M. Diamond, Inc. v. Gulf Coast Trailing Co.,* 180 F.3d 518, 521 (3d Cir.1999) (citations omitted). "If the nonmoving party presents a reasonable alternative reading of the contract, then a question of fact as to the meaning of the contract exists which can only be resolved at trial." *Newport Assocs. Dev. Co. v. Travelers Indem. Co.,* 162 F.3d 789, 792 (3d Cir.1998) (citing *Tigg Corp. v. Dow Corning Corp.,* 822 F.2d 358, 361 (3d Cir.1987); *Landtect Corp. v. State Mut. Life Assurance Co.,* 605 F.2d 75, 80 (3d Cir.1979)).

The Third Circuit recently addressed the appropriateness of summary judgment rulings in cases involving contract disputes in *Mylan Inc. v. SmithKline Beecham Corp.*, 2013 WL 3780163 (3d Cir. July 22, 2013).   In *Mylan*, the Third Circuit reversed the District Court's ruling which

granted summary judgment and remanded a breach-of-contract claim because the party opposing summary judgment had set forth a reasonable alternative interpretation of the contract. *Mylan*, 2013 WL 3780163 at *4, 5. Given Sellers' alternative interpretation of the contract in this case, as detailed below, and guided by the ruling in *Mylan*, this Court finds that summary judgment is inappropriate at this time. *Id*.

As noted above, Sellers maintain that the parties had a mutual agreement and understanding as to the terms of the sale. Specifically, Sellers assert that Parcel 2 was never contemplated in the Sale Agreement. Sellers have set forth specific facts in the form of admissible evidence which support their position. First, Sellers contend that the Property Information Package explicitly excludes Parcel 2 because it does not include Building 10. Sellers clarify in the Declaration of Matthew Bordwin that Building 10 is located on Parcel 2; therefore, Sellers posit that the absence of Building 10 in the Property Information Package forecloses the possibility that the Sale Agreement included Parcel 2. Likewise, Sellers contend that the Flyer describing the properties also specifically excludes Building 10 and, thus, Parcel 2.

Sellers certify that Sellers never represented to Marlow during negotiations that the Property would include Parcel 2. Sellers submit Declarations of interested parties in support of this contention; namely, the Declarations of Matthew Bordwin, Andrew C. Udin, John Peterson and Robert M. Hirsh. In the same vein, Sellers state that at no time during the negotiations did Marlow indicate to Sellers that they expected the Property to include Parcel 2. Sellers again rely on the Declarations listed above in support of this position.

Sellers also assert that Marlow's Buyer Representative, Ms. Lewis, received and reviewed information which included a survey depicting Parcel 2 as outside of the Property. Therefore, Sellers argue that Marlow cannot now claim that they did not receive or review the survey which

depicted Parcel 2 as outside of the Property. Sellers also reference the "fence issue" as evidence that Marlow knew and understood that Parcel 2 was not included in the Property. The "fence issue" is the term given by the parties to a potential dispute regarding the location of a fence on the Property. During negotiations, Marlow expressed concern that if some, or all, of this particular fence was on the Property, Sellers may have to move it if it interfered with operations. However, if the entire fence was located on Parcel 2, Sellers would not have to move it. *See Exhibit A to Declaration of Rob* Hirsch, Docket Entry No. 720 at *7, 8. Sellers assert that Marlow's specific concerns regarding the fence issue indicate that Marlow understood Parcel 2 to be outside of the Property. In their responsive submission, Marlow did not address this particular point.

Finally, throughout its submissions, Sellers reiterate that the parties to this matter are sophisticated entities who were represented by counsel throughout the negotiations. Sellers state that after the parties exchanged drafts of the Sale Agreement, they signed same without alteration. Therefore, Sellers contend that logic, and the specific facts of the negotiation process, support a finding that the parties had the same understanding as to the Property being sold.

Given the conflicting evidence weighing against Marlow's position, the Court finds that there is, in fact, a genuine dispute for trial; therefore, Summary Judgment is not appropriate at this time.

**V.      Conclusion**

For the reasons explained above, Marlow's Motion for Summary Judgment is DENIED.
Counsel for Sellers is directed to submit a form of Order consistent with this Opinion. The parties
will be given 60 days to conduct additional discovery, as needed, and trial in this matter will take
place on October 24, 2013.


Honorable Michael B. Kaplan
United States Bankruptcy Judge

Dated: August 9, 2013